ATANASIA MIRANDA, ETC., Plaintiff and Appellant, v. RAMÓN CACHO VEGA, Defendant and Appellee.

No. 9517.—Argued June 3, 1947.—Decided June 27, 1947.

*Eduardo Pérez Casalduc* for appellant.  *Luis E. Dubón* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

On May 24, 1945, the appellant herein, "as mother with *patria potestas* over her minor daughter Carmen Lydia Miranda," brought an action against the appellee wherein she prayed for a judgment declaring said minor an acknowledged natural daughter of the appellee, and "for any other proper relief." The appellee answered and denied all the averments of the complaint. The district court, on November 16, 1945, rendered judgment declaring: (*a*) that the paternity of the defendant with respect to the plaintiff Carmen Lydia Miranda had been proven; and (*b*) that, although the defendant is the father of the plaintiff minor, the latter "has not the status of a natural daughter but that of an illegitimate child" only entitled to claim support from her father, pursuant to §§ 128 and 143 of the Civil Code, 1930 ed. Upon an appeal being taken to this Court, said judgment was affirmed on July 26, 1946. See *Miranda* v. *Cacho,* 66 P.R.R. 521. On Sep-

tember 24, 1946, the appellant brought a separate action in the district court, praying that the defendant be adjudged to pay the sum of $1,500 as support which, according to her, said defendant had failed to provide for her from the date of the judgment to the day of payment, and further, that the defendant be compelled to pay the sum of $150 monthly for her support. Afterward, the parties stipulated and agreed "that the sum of $50 monthly is a reasonable amount for the support of plaintiff Carmen Lydia Miranda, in view of the latter's needs and the financial position of the defendant Ramón Cacho Vega." The lower court approved the stipulation and on March 31, 1947, it entered an order declaring that the defendant was only bound to pay the agreed amount for support, monthly in advance, from September 24, 1946. The plaintiff has appealed from that order.

■■ The only question involved in this appeal is whether the defendant-appellee is bound to pay the allowance for support granted to the minor, from May 24, 1945, the date on which the action of filiation was commenced, or from September 24, 1946, the date on which suit was brought in the lower court claiming that allowance.

The appellant urges that the allowance for support should be paid to the minor from May 24, 1945, the date on which the action of filiation was brought, because in said action prayer was made not only that the court declare the defendant the natural father of the plaintiff but also that it grant "any other proper relief." The appellant contends that the latter phrase includes a prayer for support; and that, therefore, said support was prayed for in the action of filiation and should be granted from the date on which the action was brought, pursuant to § 147 of the Civil Code, 1930 edition, which reads thus:

"The obligation to support may be claimed from the time the person having a right thereto shall require such support; but it shall not begin until the date on which a petition therefor is made."

The appellant's contention is not correct. In the action of filiation only the relation between the plaintiff and the defendant was determined and no specific prayer for support was made. By a judgment of the district court subsequently affirmed by this Court (*Miranda* v. *Cacho, supra*), the minor was declared an illegitimate daughter of Cacho and hence entitled to claim support pursuant to § 128 of the Civil Code. But the fact that the minor is entitled to support does not mean that the person upon whom the obligation devolves is bound to pay it in the absence of a demand therefor. The person having the right thereto must expressly demand it through a proper petition. In this connection, Manresa in his "*Comentarios, Código Civil,*" volume 1, page 684, commenting on § 148 of the Spanish Civil Code, which is equivalent § 147 of our Code, says that:

"The Civil Marriage Act, by its Section 74, had established that the obligation to give support might be enforced whenever the person having a right to claim it required such assistance; but it was silent as to the date from which it should be paid in case the person having the right thereto claimed it, not when his need arose, but some time afterward, and the silence of the law gave rise to some doubts as to the period during which that obligation was due.

"The adjudicated cases solved this difficulty, in the sense that support was owed only from the date it was claimed, and pursuant to those decisions, the original provisions were supplemented by providing that support shall only be paid from the date of the filing of the complaint. Support is intended to meet a pressing need, without which the obligation would not be enforceable, and the law assumes that said need does not exist unless a judicial claim is made therefor."

In the instant case, support was claimed for the first time on September 24, 1946, and it is from that date that the obligation to pay arises, according to § 147, *supra*, which provides that it shall only be paid from the date of the filing of the complaint. The lower court did not err in granting

the allowance for support beginning on September 24, 1946, the date on which the complaint was filed.

The order appealed from should be affirmed.